Law Office of Blake D. Gunn
P.O. Box 22146
Mesa, Arizona 85277
Telephone: (480) 270-5073
Fax 480-393-7162
Blake.Gunn@gunnbankruptcyfirm.com

Blake D. Gunn, SBN 019112
Attorney for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **IN RE PETER SCOTT TULLY,** | Case No. 2:15-bk-06726-GBN |
| **Debtors.** | Chapter 11 Proceedings |

## MOTION TO ADMINISTRATIVELY CLOSE CASE WITHOUT ENTRY OF A DISCHARGE

1. On March 3, 2014 (the "Peition Date") the Debtors commenced a Chapter 11 case. That action had the effect of an order for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101-1330, (the "Bankruptcy Code").

2. Bankruptcy Rule 3022 provides:

> After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on the motion of a party in interest, shall enter a final decree closing the case.

The comments to Rule 3022 state the factors the court should consider in determining if the case has been "fully administered." Those factors are:

(1) Whether the order confirming the plan has become final;

(2) Whether deposits required by the plan have been distributed;

(3) Whether the property proposed by the plan to be transferred has been transferred;

(4) Whether the debtor has assumed the business or the management of the property dealt with by the plan;

- 1 -

(5) Whether payments under the plan have been commenced;

(6) Whether all motions, contested matters, and adversary proceedings have been resolved.

The Debtors have commenced payments under the Plan to all classes and have completed payments to administrative claimants and general unsecured claimants.

## I. STATUS OF CASE ADMINISTRATION

### A. Finality of Confirmation Order

3. On May 15, 2018, the Bankruptcy Court confirmed the Debtor's First Amended Plan of Reorganization (the "Plan"). No person appealed the confirmation order, and no person has requested other relief from the confirmation order.

### B. Transfer of Property Under the Plan/Commencement of Payments

4. The Debtor's Plan did not contemplate the transfer or exchange of any of its prepetition property. The Plan only required payments on allowed claims. The confirmed Plan required the Debtor to disburse monies to general unsecured creditor if no general unsecured creditor objected to the Plan. No creditor objected to the Plan, and no party has appealed the confirmation order.

5. Pursuant to the confirmed plan, the Debtor has begun paying priority claims, secured claims, and general unsecured claims. As of the date of this Motion, the Debtor has begun paying general unsecured creditors, has paid Toyota Financial in full, has remained current on all secured claims allowed under the Plan. Payments to general unsecured creditors and has paid general unsecured claimants $250.00 of the $5,000.00 the Debtor is obligated to pay under the Plan. Exhibit "A" attached to the separately filed Declaration of Peter Tully in Support of Motion to Close Case identifies the creditors and amounts each creditor will be paid under the Plan.

## II. Post-Confirmation Quarterly Reports/Fees

6. The Reorganized Debtor has filed, or will file, all quarterly reports that have become due since the confirmation order was entered. The current version of post-confirmation reports required by the U.S Trustee's office provide minimal information—the form only requires disclosure of gross numbers for certain categories of distributions under the Plan. The current post-confirmation

- 2 -

Case 2:15-bk-06726-GBN    Doc 291    Filed 05/25/18    Entered 05/25/18 17:22:47    Desc
Main Document    Page 2 of 3

report form does not require disclosure of ledgers, bank statements, operating income and expenses, or other comprehensive financial information.

7. The Reorganized Debtor is current on quarterly fees to the United States Trustee. The Debtors will pay any future amounts billed upon receipt of its most recent post-confirmation report.

8. The Debtors will continue paying general unsecured claims over the next five years, and the Debtor will not qualify for a discharge until all amounts required under the Plan are paid. Accordingly, the Debtor requests that the Court enter an order administratively closing this case without the entry of a discharge. Furthermore, the Debtor requests that the Court enter an order allowing the administrative reopening of this case in the future to enter a discharge without payment of a reopening fee.

WHEREFORE, the Debtor respectfully requests that the Court administratively close this case without entry of a discharge, and enter an order allowing the reopening of this case for entry of a discharge without a reopening fee upon completion of payments required under the Plan.

DATED this 25th day of May 2018.

/s/ Blake D. Gunn 019112
Blake D. Gunn
P.O. Box 22146
Mesa, Arizona 85277
480-270-5073
Attorney for Debtor

FILED via ECF this 25th day of May 2018.

COPY of the foregoing mailed
This 25th day of May 2018 to:

All persons appearing on the master mailing list

By: /s/ Blake D. Gunn

- 3 -

Case 2:15-bk-06726-GBN    Doc 291    Filed 05/25/18    Entered 05/25/18 17:22:47    Desc
Main Document    Page 3 of 3